UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTIN LEE ENGLUND,

Defendant.

Case No. 1:21-cr-00070-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Defendant's Motion for Early Termination of Supervised Release. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In October 2021, this Court sentenced Defendant Justin Lee Englund to 51 months' imprisonment followed by three years of supervised release after he pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Englund was placed on supervision in August 2024, and he is slated to complete his three-year term in August 2027. He asks the Court for early termination of supervision.

## GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

2014). This includes the discretion to terminate supervision after Defendant has served one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

Although Englund has completed more than one year of supervision and has made many positive strides in his life, the Court is not persuaded that early termination is warranted. In seeking early termination, Englund points out that "[h]e is gainfully employed, supports (and is supported by) his family, has stable housing, and receives counseling to support []his mental health." *Mtn. Mem.*, Dkt. 46, at 2. He generally argues that because he has been successful on supervision thus far, early termination is in the interests of justice. *Id.* He also says that he had to turn down a job for an employer who sold alcohol and, further, that "[t]ermination may also make it easier for him to take on an additional job part-time." *Id.* at 3. Elsewhere, he argues that "[e]nding his supervision early sends a motivational message—that if you work hard to become a better person, good

things happen." *Id.* at 11; *see also id.* at 12 ("here is a chance to show Justin that when he follows the rules then good things happen").

Having considered Englund's arguments, and each of the factors outlined above, the Court does not find that termination of supervision is warranted by Englund's conduct or is in the interests of justice. In this instance, and as will be explained, the Court believes that the structure provided by supervision is necessary to ensure that Englund continues to succeed.

The Court recognizes and commends Englund for the progress he has made since his release from prison. As noted above, he has maintained steady employment, established a stable home, remained sober, and developed a strong family support system. He has also continued to participate in counseling to address his mental health needs. These are meaningful accomplishments.

But Englund's success on supervision does not necessarily mean that supervision should be terminated early. Supervised release is intended to assist defendants in their transition back into the community, promote rehabilitation, and protect the public. The Court is persuaded that ongoing supervision will help ensure Englund's continued successes.

The Court has also considered Englund's concerns about the burdens of supervision, including its effect on his employment opportunities. Notably, however, Englund has maintained steady employment throughout his supervision,

and he has not adequately explained why he could not obtain additional employment while remaining on supervision. Moreover, if a particular condition of supervision unnecessarily interferes with an otherwise appropriate employment opportunity, Englund could seek modification of that condition rather than requesting that all terms of supervision be terminated.

Finally, the Court has considered the additional information provided by Englund's probation officer. Although the probation officer initially did not oppose early termination, he subsequently changed his recommendation after learning that Englund continued to experience frequent thoughts of committing violent acts against others, including strangers encountered during ordinary daily activities. The probation officer also reported that Englund had recently attempted to initiate a physical confrontation over a minor disagreement, although no altercation ultimately occurred. *See* Dkt. 49-1 at 1. Given Englund's history of assaultive conduct and difficulty controlling his behavior, these disclosures are concerning. The Court recognizes that Englund has struggled with mental health issues for many years and that he has taken meaningful steps to address them through counseling and medication. And the Court certainly does not wish to discourage Englund from being candid with his probation officer or seeking assistance when he needs it. Nevertheless, the probation officer's revised assessment provides an additional reason to conclude that continued supervision remains appropriate. In

particular, the Court agrees that continued supervision may benefit both Englund and the community by providing ongoing support and accountability as he works to maintain the progress he has made.

Finally, the Court will note that it previously determined that a three-year term of supervised release was appropriate in light of Englund's offense, criminal history, and rehabilitative needs. Although his subsequent progress is commendable, the Court is not persuaded that his conduct and circumstances, considered alongside the applicable § 3553(a) factors, warrant shortening that term. To the contrary, the Court concludes that continued supervision remains appropriate to support Englund's rehabilitation and protect the public.

To be sure, the Court commends Englund for his successes and, in particular, his commitment to maintaining his sobriety, supporting his family, and building a stable and productive life. The Court sincerely hopes that he will continue this upward trajectory. But for the reasons just explained, the Court will deny the request for early termination of supervision.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 46) is **DENIED.**

DATED: October 14, 2026

B. Lynn Winmill
U.S. District Court Judge